IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAPPHIRE CROSSING, LLC.,           )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        Civil Action No. 20-1136-MN-CJB
                                   )
SANSAN CORP.,                      )
                                   )
            Defendant.             )

## REPORT AND RECOMMENDATION

Presently pending before the Court in this patent infringement suit is a motion, filed by

Defendant Sansan Corp. ("Defendant" or "Sansan"), to dismiss Plaintiff Sapphire Crossing,

LLC's ("Plaintiff") First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil

Procedure 12(b)(6) (the "Motion"). (D.I. 11) For the reasons set forth below, the Court

recommends that Defendant's Motion be GRANTED-IN-PART and DENIED-IN-PART.

## I.      BACKGROUND

### A.      Factual Background

The instant case is one of many related proceedings in this Court in which Plaintiff has

asserted United States Patent No. 6,891,633 ("the '633 Patent" or the "asserted patent"). The

'633 Patent is entitled "Image Transfer System" and it describes an "electronic assembly

comprising an image transfer device for reading and transferring an image from a first medium[]

and a computer." (D.I. 9, ex. 1 at 1) The Court has previously discussed the '633 Patent, as well

as the two asserted claims of that patent (method claims 19 and 20, which are the only claims of

the patent to have survived *inter partes* review), in an August 14, 2019 Report and

Recommendation ("R&R") and in a January 15, 2021 R&R that were issued in a related,

consolidated action known as *Sapphire Crossing LLC. v. Robinhood Markets, Inc.*, Civil Action

No. 18-1717-MN-CJB ("*Robinhood*" or the "*Robinhood* action").  (*Robinhood*, D.I. 47 at 3-6, 8-9; *Robinhood*, D.I. 123 at 2-3).  The Court hereby incorporates by reference those portions of the two R&Rs.

Plaintiff is a Texas corporation that is the assignee of the '633 Patent.  (D.I. 9 at ¶¶ 1, 7) The body of the FAC provides little information about Defendant, other than to allege that it:  (1) is a Delaware corporation; and (2) directly infringes claims 19 and 20 by making, using, selling offering to sell and/or importing its products, and by internally testing and using its products. (*Id*. at ¶¶ 2, 11-12)[1]  Plaintiff also attaches to the FAC claim charts that purport to show how Defendant's accused application—the "Scan to Salesforce App" (hereinafter, the "accused application")—infringes claims 19 and 20 of the asserted patent.  (*Id*. at ¶ 13 & ex. 2)

Additional relevant facts will be provided below in Section III.

### B.    Procedural Background

Plaintiff filed its initial Complaint on August 27, 2020 against Defendant's parent corporation, Sansan Inc.  (D.I. 1)  On September 3, 2020, United States District Judge Maryellen Noreika referred this case to the Court to hear and resolve all pre-trial matters up to and including expert discovery.  (D.I. 6)  Then on October 29, 2020, Plaintiff filed the FAC, the operative complaint in this case.  (D.I. 9)  The FAC asserted infringement only against Defendant, (*id.*), and Plaintiff subsequently dismissed Sansan Inc. from the case on November 2, 2020.  (D.I. 10)

---

[1]    In its opening brief, Sansan further explains that it is the U.S.-based subsidiary of Sansan Inc., which is a Japan-based software company that is involved in the business of "cloud-based contact management" and that "allows users to digitize their business cards through an application, upload [the business cards] to a central database, and from there allows users to update their contacts in real-time."  (D.I. 12 at 2)

Defendant filed the instant Motion on November 12, 2020.  (D.I. 11)  The Motion was fully briefed as of November 23, 2020.  (D.I. 18)

## II.      STANDARD OF REVIEW

The sufficiency of pleadings for non-fraud cases is governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11 (citation omitted).  Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  In assessing the plausibility of a claim, the court must "'construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

## III.     DISCUSSION

As was noted above, in the FAC, Plaintiff alleges only direct infringement.  (D.I. 9 at ¶¶ 11-15; *id.*, ex. 2 at 1-15)  With its Motion, Defendant raises two arguments for dismissal:  (1)

3

that Plaintiff failed to adequately plead "single actor" direct infringement; and (2) that Plaintiff failed to adequately plead "divided" direct infringement.  (D.I. 12 at 8-13)

In its January 15, 2021 R&R in the *Robinhood* action, the Court resolved motions to dismiss that raised nearly identical issues to those which Defendant presents here.  The January 15, 2021 R&R recommended denial of the motions in that case as to Plaintiff's claims for single actor direct infringement, but that the motions be granted as to plaintiff's claims of divided direct infringement.  (*Robinhood*, D.I. 123 at 6-12)  The Court hereby incorporates by reference those portions of the January 15, 2021 R&R.  Below it will address Defendant's arguments in the instant Motion, but it will do so in a more-brief-than-normal fashion, as much of the analysis will be borrowed from the January 15, 2021 R&R.

A.      **"Single Actor" Direct Infringement**

Direct infringement under 35 U.S.C. § 271(a) occurs "where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (citation omitted).  One typical way to assert that a defendant is liable for direct infringement is to allege "single actor" direct infringement:  i.e., that the defendant itself performs every step of the claimed method.

Plaintiff asserts that Defendant has committed single actor direct infringement solely due to Defendant's own internal testing and use of the accused application.  (D.I. 9 at ¶ 12; D.I. 17 at 4)  In response, just as one of the defendants did in the *Robinhood* action, (*Robinhood*, D.I. 123 at 7), Defendant here contends that the FAC's allegations in this regard are insufficiently plausible, and that they amount to only "threadbare recitals" of single actor direct infringement.  (D.I. 12 at 13 (internal quotation marks and citation omitted))

As it did in the *Robinhood* action, the Court acknowledges that Plaintiff's allegations in the body of the FAC—as they relate to the subject of Defendant's internal employee testing and use—*are* fairly threadbare. (D.I. 9 at ¶ 12; *see also Robinhood*, D.I. 123 at 7)  In Count 1 of the FAC, Plaintiff just baldly asserts that Defendant infringes by "having its employees internally test and use" the accused application. (D.I. 9 at ¶ 12)  However, in the claim charts attached to the FAC, Plaintiff does more.  There, Plaintiff goes into more detail by explaining how a user of a smartphone loaded with the accused application actually infringes the asserted claims. (D.I. 9, ex. 2; *see also Robinhood*, D.I. 123 at 7)  And although the claim charts admittedly read as if the user of the smartphone referenced therein is a Sansan *customer* (as opposed to a Sansan *employee* who might be conducting internal testing), (D.I. 9, ex. 2 at 3 ("Additionally, Defendant requires its users to, through the accused [a]pplication, use the smartphone camera in a manner that will always infringe this step of the method.")), it nevertheless seems plausible that a software company like Defendant would occasionally conduct internal testing of its accused application (via the use of a smartphone).  If Defendant's employees did so, then it seems plausible that they would be doing exactly what the customer "users" are alleged to be doing in the claim charts—all of which is plausibly alleged to infringe claims 19 and 20 of the asserted patent. "In light of this, the Court can see how the FAC and its attached claim charts, when read together, set out a plausible single actor direct infringement scenario as to [Defendant]'s own internal testing." (*Robinhood*, D.I. 123 at 8 (citing *Sentius Int'l, LLC v. Apple Inc.*, Case No. 4:20-cv-00477-YGR, 2020 WL 6081775, at *3 (N.D. Cal. Oct. 15, 2020)))

Accordingly, to the extent the FAC seeks to accuse Defendant of single actor direct infringement, the Court recommends that the Motion be DENIED, in light of the FAC's allegations of infringement due to internal testing.[2]

### B.      "Divided" Direct Infringement

In Count 1, Plaintiff also intends to plead a claim for "divided" direct infringement (sometimes known as "joint infringement"), that is, direct infringement that occurs by way of the acts of more than one person or entity.  To successfully plead divided infringement, a plaintiff must allege facts "sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party."  *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Akamai Techs., Inc.*, 797 F.3d at 1022).  Here, Plaintiff solely relies on the "direction or control" theory of divided infringement.  (D.I. 9, ex. 2 at 3; D.I. 17 at 2-3)

The relevant "direction or control" test "requires the controlling party to be, in effect, the 'mastermind' of the entire process."  *Midwest Energy Emissions Corp. v. Vistra Energy Corp.*, Civil Action No. 19-1334-RGA-CJB, 2020 WL 3316056, at *9 (D. Del. June 18, 2020) (internal quotation marks and citations omitted), *report and recommendation adopted*, 2020 WL 8265330 (D. Del. July 15, 2020).  A plaintiff has successfully pleaded that a defendant directs or controls another's performance of the claimed method if it sufficiently demonstrates that the defendant: (1) "conditions participation in an activity or receipt of a benefit upon others' performance of one or more steps of [the] patented method"; and (2) "establishes the manner or timing of that

---

2        Any damages for such a claim are thus limited and must be tied to internal use. (*Robinhood*, D.I. 123 at 8 n.4)

performance." *IOENGINE, LLC v. PayPal Holdings, Inc.*, Civil Action No. 18-452-WCB, Civil

Action No. 18-826-WCB, 2019 WL 330515, at *1 (D. Del. Jan. 25, 2019) (internal quotation

marks, citation and emphasis omitted).

As was the case with the January 15, 2021 R&R, here the substance of both parties'

arguments centers on claim 19's limitation of "providing an image transfer device having a

scanner for reading an image on the first medium[.]"  ('633 patent, col. 18:9-10; *see also* D.I. 12

at 8-12; D.I. 17 at 2-4; *Robinhood*, D.I. 123 at 8-12)  And as in the *Robinhood* action, Plaintiff

here:  (1) identifies the "image transfer device" in question as a smartphone; (2) argues that

infringement occurs when Defendant's customer "users" use their smartphone, in conjunction

with Defendant's accused application, to scan an image (here an image of a business card) and

take further action related thereto; and (3) asserts that Defendant (which is not a maker or seller

of smartphones) somehow directs or controls the "providing" of the smartphone to a user.  (D.I.

9, ex. 2 at 3; D.I. 12 at 11; *see also Robinhood*, D.I. 123 at 10)

Just as it did in *Robinhood*, here the Court recommends that this portion of the Motion be

granted.  This is because the Court cannot see how Defendant can plausibly be said to "direct and

control" the provision of the image transfer device (i.e., the smartphone).  And it finds

implausible Plaintiff's suggestion that one can "provid[e]" a smartphone by simply "'offering

access to [a portion of] the device's functionality'" via a computer application that is found on

the user's phone.  (D.I. 17 at 3; *see also* D.I. 18 at 4; *Robinhood*, D.I. 123 at 11-12)  As the Court

expressed in the January 15, 2021 R&R, it cannot fathom a construction of the "providing"

limitation where the infringing party does not either:  (1) possess or control the image transfer

device; or (2) supply or make the device available to another person.  (*Robinhood*, D.I. 123 at

12)  And Defendant indisputably does not direct or control the doing of any of those things.

7

Therefore, the Court recommends that Defendant's Motion be granted as to the dismissal of any claim in the FAC regarding divided infringement.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that Defendant's Motion be GRANTED-IN-PART and DENIED-IN-PART.  More specifically, the Court recommends that the Motion be DENIED as to the FAC's claim of single actor direct infringement, but GRANTED as to the FAC's claim of divided direct infringement.

With regard to any further amendment of the pleadings, in light of its analysis above, the Court does not see how Plaintiff could address the FAC's failings with regard to the divided infringement issue.  Therefore, the Court recommends that dismissal be with prejudice as to that portion of Count 1.[3]

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.  Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  April 7, 2021

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[3]      Defendant's request for oral argument, (D.I. 19), is DENIED.